# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| JOHNNY ROY SCOTT, | * | |
| Petitioner, | * | |
| v. | * | CASE NO. 4:06-CV-111 (CDL) |
| | | 28 U.S.C. § 2254 |
| DANNY THOMPSON, Warden, | * | * |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Before the court is Respondent's Motion to Dismiss Petition As Untimely (R-9). Petitioner has filed his Response (R- 16) to Respondent's Motion to Dismiss.

On April 18, 1997, Petitioner was convicted of the sale of cocaine in the Muscogee County Superior Court. Petitioner was sentenced to forty years in prison without the possibility of parole. Petitioner appealed his conviction and sentence to the Georgia Court of Appeals where the same were affirmed on September 14, 1999. *Scott v. State*, 240 Ga. App. 50, 522 S.E.2d 535 (1999).

On March 16, 2001, Petitioner filed a state habeas petition in the Calhoun County Superior Court. (Resp't Ex. 1, 2). After an evidentiary hearing June 15, 2001, the petition was denied on September 17, 2002. (Resp. Exh. 2,4,5). Petitioner then filed application for a certificate of probable cause to appeal, pursuant to O.C.G.A. § 9-14-52, in the Georgia Supreme Court, which was denied on October 20, 2003. (Resp, Exh. 3).

Thereafter, Petitioner filed a second state habeas petition in the Calhoun County Superior Court on March 8, 2005, which, after an evidentiary hearing, was denied on August

8, 2005. (Resp. Exh. 7,9,10). Petitioner then filed a certificate of probable cause to appeal with the Georgia Supreme Court, which was denied on July 13, 2006. (Resp. Exh. 8). Petitioner thereafter filed his present § 2254 petition on September 20, 2006.

## The AEDPA Period of Limitations

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

Under that statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of **direct review** or the expiration of the time for

seeking such review." 28 U.S.C. § 2244(d)(a)(A). (emphasis added). In *Kaufmann v. United States,* 282 F.3d 1336 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the Eleventh Circuit Court of Appeals joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes *final." Id*. at 1339. The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated: "By *final,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708 (emphasis added.

Respondent is correct in that Petitioner's present petition is untimely under 28 U.S.C. § 2244(d). Pursuant to Georgia Supreme Court Rule 38(1), Petitioner had 10 days after judgment in the Court of Appeals within which to file an application for *writ of certiorari*. Since Petitioner did not seek certiorari to the Georgia Supreme Court, his judgment of conviction became final on September 24, 1999, which was the day following the 10 day period to seek certiorari from the denial of his direct appeal pursuant to Georgia Supreme Court Rule 38(1). Therefore, the AEDPA statute of limitations began to run on Petitioner's § 2254 action on September 25, 1999 and expired on September 24, 2000.

As set out above, the AEDPA one year limitations period provides that "the time during which a *properly filed* application for State post-conviction or other collateral review

3

with respect to the pertinent judgment or claim is *pending* shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). The United States Supreme Court, held that "... an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, *the time limits upon its delivery*, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 321 U.S. 4 (2000) (emphasis added). The Eleventh Circuit has further held that "[E]ven prior to *Artuz,* this Court held that a petitioner's state post-conviction application must meet state filing deadlines in order to toll AEDPA's one-year limitation period." *Wade v. Battle,* 379 F.3d 1254, 1260 (11th Cir. 2004); citing *Webster v. Moore,* 199 F.3d 1256, 1258 (11th Cir. 2000).

Based on the foregoing, however, there was no limitations period left to be tolled when Petitioner filed his first state habeas petition. As stated previously, Petitioner's one-year limitation period began on September 25, 1999 and expired on September 24, 2000. Petitioner did not file a state habeas corpus petition until March 16, 2001, more than five months after the expiration of the federal limitations period. Therefore, Petitioner's application must be concluded to be barred by the AEDPA statute of limitations.

Petitioner has also filed a Motion to Compel Respondent to Serve Answer and Brief in Support of Motion to Dismiss or in the Alternative Plaintiff's Request for Default Judgment, wherein he claims the Respondent failed to file any responsive pleadings within

the allotted time and further failed to request any extension of time to do so (R-20). The court would note that although the Petitioner is correct in stating that the Respondent failed to file his responsive pleadings within the sixty-day time period for doing so, that he did file a Motion for Leave to File Responsive Pleadings Out of Time on December 5, 2006, along with his Response and the current Motion to Dismiss. The court would further note that the Eleventh Circuit Court of Appeals has held that "default judgment is not contemplated in habeas corpus cases." *Aziz v. Leferve,* 830 F.2d 184, 187 (11th Cir. 1989). Therefore, because the failure of the Respondent to file a timely answer had no effect on the Petitioner's application for habeas relief and because default judgments are not contemplated in habeas cases, the court granted Respondent's motion for leave to file an out-of-time response. For the foregoing reasons, then, Petitioner's Motion to Compel is hereby DENIED as moot.

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petitioner's Application for Habeas Relief under 28 U.S.C. § 2244(d) be **GRANTED**, and Petitioner's § 2254 action be **DISMISSED.** Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 12th day of January, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw